## *Ex parte* Robert Birch.

### *Motion for a Habeas Corpus.*

A person accused of the crime of murder, and jointly indicted with others for that offence, was not put upon his trial, but was used by the State's Attorney as a witness on the trial of the others, who were convicted and executed. In giving his testimony, he did not, in any way, admit that he participated in the commission of the murder. Neither did it appear, in his petition by him filed for a writ of *habeas corpus*, that he was guilty, or had been convicted of any crime: *Held*, that he was not in a condition to avail himself of the rights and privileges of an accomplice.

By the Constitution of Illinois, the Governor cannot pardon before conviction.

Motion for a writ of *habeas corpus*, &c. The grounds of the application made to this Court will appear in the petition filed and the affidavit accompanying it, both of which are incorporated into the Opinion.

*O. Peters*, for the applicant.

This application is made for a writ of *habeas corpus*, for

the purpose of bringing the applicant before this Court, that he may be discharged on bail.

The prisoner claims this as an equitable right, based upon an implied contract made between him and the Government, by its proper officer and organ.

The petition, and affidavit of the District Attorney annexed thereto, show that the prisoner was indicted jointly with others for the murder of George Davenport; that three of those others were put upon their trial; that the District Attorney, under the order of the Court, had Birch brought into Court, and used him as a witness against his accomplices; that he testified fully and fairly, and to the satisfaction of the District Attorney.

On this state of facts we contend that Birch is entitled to a pardon, and being thus entitled, and being no longer in danger of losing his life, even if convicted, that he ought to be discharged on bail.

It is entirely immaterial, whether the District Attorney gave him any pledge that he should be no further prosecuted, or that he would recommend him to clemency, or not. It is not this pledge, or any assurance on the part of the Government that gives the right to the accomplice. It is the fact that he has been *used as a witness* by the Government, that creates the right. Whenever the Government, by its proper officer, *uses* the accomplice as a witness against his partners in crime, it acknowledges its own weakness, and that it is compelled to resort to the evidence of one acknowledged to be polluted with crime, for aid. It is a species of evidence that should be resorted to with great caution, but when resorted to, the implied pledge of the Government should be faithfully redeemed. Unless this is done, the evidence of accomplices can never be obtained, and great criminals will escape punishment. For what criminal will make disclosures against his companions in guilt, if he is afterwards to be tried, and convicted, and executed? If the faith of the Government is not regarded, the chain that binds those together who follow the trade of crime will never be

broken, but will be strengthened. Men are now banded together who prey upon the community. They feel strong; they are stronger than the law. The law is measurably powerless, and cannot reach them. They will not be persuaded by the "terrors of the law" to turn away from evil doing. But once create distrust and want of confidence in one another, and their power will be broken, and the law will be again supreme.

This is the proper mode, and the most appropriate time, to have this question settled, and settled *rightly;* for if the law was ever weak, it is true now. If the perpetrators of crime were ever strong, above and stronger than the law, it is so *now.* And now is the time when the Government should act in good faith to those who lend it assistance, even though that assistance comes from those who are steeped in crime.

This is no new question. In the case of *Rex* v. *Judd,* 1 Cowp. 183, the prisoner was indicted for forgery. When brought before Lord Mansfield on *habeas corpus,* for the purpose of being discharged on bail, he, with the other judges, expressed no doubt but that the prisoner ought to be discharged on bail, on the ground of her having been called as a witness for the prosecution, if she had made [full and fair disclosures against her accomplices; but as it appeared that she had not, they refused to bail her.

When she was brought to trial, the same point was again made, and the judge suspended the trial until he could take the opinion of the twelve judges; and all the judges concurred, that if she had made full and fair disclosures against her accomplices, she ought not to be tried. But it appearing that she had not done this, she was put upon her trial. But none of the judges entertained any doubt but that she ought not to have been tried, if she had fulfilled the contract on her part.

In the case of the *Commonwealth* v. *Knapp,* 10 Pick. 487, Mr. Webster, *arguendo,* says: "The moment an accomplice is permitted to testify, by the Attorney General, to make

disclosures, he is safe.   He is then as safe as if he had his pardon," &c.   And Putnam, J., in delivering the Opinion of the Court, fully recognizes the same doctrine.

This subject underwent a very full and able discussion in the case of *The People* v. *Whipple*, 9 Cowen, 707, and the argument and decision of the Court most clearly shows that an accomplice, having made full and fair disclosures, cannot and ought not to be further put in jeopardy.   And the case of the negro man Jack is referred to.   Jack was guilty of murder.   He was called as a witness against his accomplices.   He was told by the Judge, that if he testified, he must not expect or hope for any recommendation for pardon. Yet he testified, and afterwards the eminent counsel for the prosecution felt bound to recommend him to pardon, and the Judge himself joined in the recommendation.   Jack was disposed of by a special act of the Legislature.

Numerous other authorities might be referred to, in support of this application, but it is not deemed necessary. The public faith has been impliedly pledged to this prisoner. He has fulfilled the condition on his part; and I now, in his behalf, ask this Court to redeem this solemn pledge of the Government, and discharge him from his imprisonment.

*D. B. Campbell*, Attorney General, in resisting the application, contended that the Court could not take cognizance of this question.   It was one which could only be acted upon by the Executive.   But if that position be incorrect, and the Court can adjudicate upon the merits, it is necessary that the applicant should be here in person, and that witnesses should be examined, that the Court might determine upon the facts of the case.

From the only evidence offered here, the affidavit of the State's Attorney in the Circuit where the applicant is in custody, it appears that he did not testify in relation to himself.   He did not testify to the whole truth, but was guilty of perjury.   He failed to comply with his contract, if any contract can be implied from the circumstances of the case, and there was no express contract, of course.

The Opinion of the Court was delivered by

PURPLE, J.*    The petitioner, by his counsel, has applied
to this Court for a writ of *Habeas Corpus*, upon the following
state of facts, as set forth in his petition and the accompany-
ing affidavit of the State's Attorney, who prosecutes in the
case, in which *he* was admitted as a witness against others
jointly indicted with him for murder:

"To the Honorable the Justices of the Supreme Court of the
    State of Illinois, at a term of said Court, begun and holden
    at the City of Springfield, on the second Monday of De-
    cember, in the year of our Lord, eighteen hundred and
    forty six:
Respectfully represents Robert Birch, that at the October
term of the Rock Island Circuit Court, A. D. 1845, the
Grand Jury then and there duly selected, impaneled and
sworn, found and returned into the said Circuit Court, an
indictment against your petitioner, and John Long, Aaron
Long, Granville Young, John Baxter and William Fox,
charging them with having committed the crime of murder
upon one George Davenport, on the fourth day of July, A.
D., 1845.

A copy of the said indictment is hereto annexed and made
part hereof, marked [A.]

And your petitioner further shows unto your Honors, that
at the time of the finding of the said indictment, your peti-
tioner was in the custody of the sheriff of said Rock Island
county, and confined in the jail of said county, as your peti-
tioner is informed and believes, by virtue of a warrant issued
by some justice of the peace of said county, upon the charge
of having committed, in conjunction with the said Longs,
Young, Baxter and Fox, the crime of murder aforesaid; that
after the finding of the indictment as aforesaid, your peti-
tioner was detained in custody in said jail until about the
month of June last, when he was removed to the county of
Knox, and committed to the jail of that county, where he

* WILSON, C. J. did not sit in this case.

ever since hath been, and still is confined and detained in custody to await his trial upon the said indictment; the venue in said cause, on the application of your petitioner, having been changed from said county of Rock Island to said county of Knox, and the said indictment is now pending and undetermined in the Circuit Court of said county of Knox.

And your petitioner further shows, that at the same October term 1845, of the Rock Island Circuit Court, the said John Long, Aaron Long and Granville Young were put upon their trial upon said indictment, they having severally pleaded not guilty thereon.

And your petitioner further shows, that Thomas J. Turner, Esq., then and long after the District Attorney for the sixth Judicial circuit, elected, not to put your petitioner upon trial at the same time with the said Longs and Young; but upon the trial aforesaid of the said Longs and Young, your petitioner was then still detained in custody, and confined in the jail of said Rock Island county, being so charged as an accomplice of the said Longs, Young, Baxter and Fox, in the said crime of murder as aforesaid; and your petitioner upon the said trial, by the request and direction of the said District Attorney, and by the order of the said Circuit Court, was brought into said Court from said jail as a witness for the People and against the said Longs and Young; and being so called as a witness by the said District Attorney, your petitioner was sworn, and was examined by said District Attorney on behalf of the People, and cross-examined by the counsel for the defendants then upon trial; and being thus called and sworn, your petitioner then and there freely, fully, fairly and impartially disclosed and testified to all the facts and circumstances within his knowledge touching the guilt of the said Longs and Young so far as he knew or was acquainted therewith; nor did your petitioner then and there knowingly or designedly withhold, conceal, or in any manner omit to testify to and state any fact within his knowledge material to the issue then on trial.

And your petitioner further shows unto your Honors, that upon the said trial, the jury to whom the case was submitted returned a verdict of guilty against the said Longs and

Young; and thereupon, at the said October term, the said Circuit Court passed upon them severally the sentence of death; and in about four weeks thereafter, the said Longs and Young, in pursuance and conformity to said sentence, were executed at said Rock Island county.

And your petitioner further states, that the testimony so given by him upon the said trial was material to the issue, and, in connection with the other evidence, essentially contributed to the conviction aforesaid.

And your petitioner further shows to your Honors, that at the same October term of said Rock Island Circuit Court, Henry H. Redding and George G. Redding were indicted as accomplices of the said Longs and others, in the murder of the said Davenport, and at the same term, but after the trial of the said Longs and Young, they, the said Reddings, were put upon their trial; and the jury could not agree and were discharged without rendering any verdict. On the trial of the said Reddings, the said District Attorney, then and there conducting the same on the behalf of the People, directed, and the said Circuit Court, on the application of the said District Attorney ordered, that your petitioner should be again brought from the said jail into Court; and being brought into Court in pursuance of said order and direction, the said District Attorney again called your petitioner as a witness, and he was sworn and testified on the behalf of the People and against the said Reddings; and your petitioner then and there made full and plain disclosures of all he knew concerning the guilt of the said Reddings, and neither concealed nor kept back any fact within his knowledge and recollection, material to the issue.

Your petitioner refers to the affidavit of the said Turner, hereto annexed and made part hereof, marked [B.] for a corroboration of the facts in this petition stated.

Your petitioner further represents, that he is now detained in the custody of the Sheriff of Knox county, and confined in the jail of said Knox county, for the purpose of putting him upon his trial upon the said indictment above referred to, and for no other purpose whatsoever.

Wherefore, your petitioner prays that your Honors will

*Ex parte* Birch.

award him a writ of *habeas corpus*, directed to the Sheriff of said Knox county, requiring and commanding him, forthwith, to bring your petitioner before your Honors; and that, upon the execution of said writ by the said Sheriff, your Honors will order that your petitioner be wholly discharged and released from his said custody and imprisonment, or admit him to bail in some reasonable sum; and for such other and further relief, as to your Honors shall seem meet, and to law and justice shall appertain, and as in duty, will ever pray.

Robert Birch,

By his Attorney,

Onslow Peters."

[A.]

"Of the October term of the Rock Island county Circuit Court, in the year of our Lord one thousand, eight hundred and forty five.

State of Illinois,   }
Rock Island county,  } ss.

The grand jurors chosen, selected, and sworn in and for the county of Rock Island, in the name and by the authority of the people of the State of Illinois, upon their oaths present, That John Long, Aaron Long, Robert Birch, Granville Young, William Fox and John Baxter, late of the county of Rock Island and State of Illinois, not having the fear of God before their eyes, but being moved and seduced by the instigation of the devil, on the fourth day of July, in the year of our Lord one thousand eight hundred and forty five, with force and arms at, and within the county of Rock Island aforesaid, in and upon one George Davenport, in the peace of God and the people of the State of Illinois, then and there being, feloniously, wilfully, and of their malice aforethought, did make an assault, and that the said John Long, Aaron Long, Robert Birch, Granville Young, William Fox and John Baxter, a certain pistol of the value of five dollars, then and there loaded and charged with gunpowder and one leaden bullet, (which pistol they, the said John Long, Aaron

Long, Robert Birch, Granville Young, William Fox and John Baxter, in their hands then and there had and held,) to, against and upon the said George Davenport, then and there feloniously, wilfully, and of their malice aforethought, did shoot and discharge; and that the said George Davenport, with the leaden bullet aforesaid out of the pistol aforesaid, then and there by the force of the gunpowder and shot, shot forth as aforesaid the said George Davenport in and upon the left thigh of him, the said George Davenport, then and there feloniously, wilfully, and of their malice aforethought, did strike, penetrate and wound, giving to the said George Davenport then and there with the leaden bullet aforesaid, so as aforesaid shot, discharged and sent forth out of the pistol aforesaid, by the said John Long, Aaron Long, Robert Birch, Granville Young, William Fox and John Baxter, in and upon the left thigh of him, the said George Davenport, one mortal wound of the depth of ten inches, of which said mortal wound the said George Davenport on the said fourth day of July, in the year aforesaid, at the county aforesaid, did languish and languishing did live, on which said fourth day of July in the year aforesaid, the said George Davenport, at the county aforesaid, of the said mortal wound died; and so the jurors aforesaid, upon their oaths aforesaid, do say that the said John Long, Aaron Long, Robert Birch, Granville Young, William Fox and John Baxter, the said George Davenport, in manner and form aforesaid, feloniously, wilfully, and of their malice aforethought, did kill and murder.

And the jurors aforesaid, upon their oaths aforesaid, do further present, that John Long, Aaron Long, Robert Birch, Granville Young, William Fox and John Baxter, late of the county of Rock Island aforesaid, on the fourth day of July, in the year of our Lord one thousand, eight hundred and forty five, with force and arms at, and within the county of Rock Island aforesaid, in and upon George Davenport aforesaid, did make an assault, and that the said John Long, Aaron Long, Robert Birch, Granville Young, William Fox and John Baxter, with their hands about the neck of him, the said George Davenport, feloniously, wilfully, and of their malice ·

aforethought, did choke, suffocate and strangle, of which said choking, suffocating and strangling, he, the said George Davenport, then and there died, and so the jurors aforesaid upon their oaths aforesaid, do say that the said John Long, Aaron Long, Robert Birch, Granville Young, William Fox and John Baxter, the said George Davenport, in manner and form aforesaid, feloniously, wilfully, and of their malice aforethought, did kill and murder, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same people of the State of Illinois.

Thomas J. Turner, State's Att'y."

"Attest,
        Achilles Shannon, clerk of the Knox Circuit Court,
Knox county, Illinois."

[B.]

State of Illinois,   }
Sangamon county,   } ss.

Thomas J. Turner, being first duly sworn, doth depose and say, that he was State's Attorney in and for the Sixth Judicial District, before and since the October term of the Rock Island County Circuit Court, A. D. 1845. That at said October term, an indictment was returned into said Court, by the Grand Jury, against John Long, Aaron Long, Granville Young, John Baxter, William Fox, and Robert Birch, for the murder of George Davenport, the indictment charging the murder to have been committed by the above named persons on the 4th day of July, A. D. 1845.

This affiant further says, that afterwards at the same term of the said Court, holden at Rock Island aforesaid, the said John Long, Aaron Long, and Granville Young were arraigned in said Court, and after having severally plead "Not Guilty" to said indictment, were put upon their trial on said indictment. This affiant then being State's attorney as aforesaid, aided by other counsel, conducted said trial on the part of the People; affiant, as such State's attorney, then believed it to be material and important for the interest of the People and for the furtherance of justice, that said Robert Birch

should be used as a witness in behalf of the People, and against those charged as his accomplices in the said crime, to-wit, John Long, Aaron Long and Granville Young, the said Robert Birch being then confined in the jail of said Rock Island county upon the said charge of murder. This affiant moved the Court that he, the said Robert Birch, be brought into Court to testify in behalf of the People; and, thereupon, the Court directed the sheriff to bring the said Robert Birch into Court, and he was brought in accordingly. This affiant then called the said Robert Birch as a witness, who was duly sworn, and testified in behalf of the People. This affiant deemed the testimony of said Robert Birch important and tending to produce a conviction of the defendants then on trial. Said Birch in giving his testimony against the said Longs and Young, appeared to make a full and fair disclosure of the facts within his knowledge, concealing only the part he had taken in the matter, and this affiant saw nothing to induce him to believe that said Birch did not make a full disclosure of the facts pertinent to the issue. The jury returned a verdict of "guilty" against the said John Long, Aaron Long and Granville Young upon said trial, and they were severally sentenced by the Court to suffer the punishment of death, which sentence was executed by the sheriff of said Rock Island county, as this affiant has been informed and believes.

This affiant further says, that after the trial of the said Longs and Young, this affiant called the said Robert Birch as a witness in behalf of the People and against Henry H. Redding and George G. Redding, who were also indicted in said Rock Island county Circuit Court, as accomplices in the murder of the said George Davenport, at which trial the jury disagreed and returned no verdict. George G. Redding afterwards plead guilty to a charge of being accessory after the fact in the murder of George Davenport aforesaid, and was sentenced to serve two years in the penitentiary of the State.

After the trials above alluded to, this affiant had an interview with the said Robert Birch, at which interview this

affiant informed Birch that he should probably call him as a witness to testify in behalf of the People on the trials of other persons charged with the murder of the said Davenport, and other crimes which had been committed in the district, and affiant then urged the said Birch to adhere on all occasions to stating the truth strictly, and whenever called upon to testify, to state fully and fairly all he knew relative to any transactions connected with the causes in which he might be called. The said Birch assured this affiant he would do so, and declared at the same time that he had done so on the trials of the Longs and Young, to which this affiant replied, that he was satisfied with the testimony he had given on that trial, and believed it to be the truth.

At each time when the said Birch was called to testify as above mentioned, he was confined in the jail of Rock Island county, and was brought into Court at the request of affiant as State's attorney, and by the order and direction of the Court, and further this affiant saith not.

Tho's J. Turner.

Subscribed and sworn to before me this 2d day of January, A. D. 1847.

J. Calhoun, clerk Sangamon Circuit Court."

The counsel for the applicant have expressed a desire that the writ may be denied, unless, under the circumstances disclosed, the Court should be of opinion that the prisoner could properly be admitted to bail.

Whether he is to be considered as an accomplice, entitled to the recommendation of the proper Court to Executive clemency, is, at present, unnecessary and perhaps improper to be determined. At all events he is not, at this time, in a condition to avail himself of the rights and privileges of one thus situated.

He has neither admitted that he is guilty of, or been convicted of any crime. As yet he has no occasion to apply for pardon. By the Constitution of our State, the Governor cannot pardon before conviction. In many of the other States of this Union, and also in England, this power may at

any time be exercised. For this reason the Courts in those States and countries where this power exists, have sometimes admitted accomplices, who had testified fairly and fully against their confederates, to bail, in order that they might the more conveniently make application for that mercy, to which, by their disclosures, they had become entitled.

No necessity, nor as we can discover, propriety, exists for such a proceeding in this State.

If at large, the prisoner could not now, apply for pardon. He may never need to make such application. And for this Court to decide upon a motion for, or upon the hearing of a writ of *habeas corpus*, that one accused of crime will, if convicted, be entitled to the clemency of the Executive, would in effect be to determine that which rests in the discretion of the tribunal where his prosecution and that of his accomplices is, or has been pending, and where he has been admitted as a witness, that he shall or shall not receive a recommendation to pardon. This discretion cannot be fettered or controlled. If the Circuit Court, after a conviction, should deny such recommendation, this Court could not interfere with the exercise of such discretion. What we could not do directly after trial and conviction, we should not be warranted in doing indirectly before.

The motion is denied.

*Motion denied.*